UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DRUCIETA G CARMOUCHE | CASE NO. 6:19-CV-00023 |
| VERSUS | JUDGE SUMMERHAYS |
| MARK GARBER ET AL | MAGISTRATE JUDGE HANNA |

MEMORANDUM RULING

Presently before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) on Behalf of Sheriff Mark Garber, Deputy Robert Shontz, Deputy Charmickia Levine, Deputy Austin Millette, and Deputy Trung Tran [doc. 11]. An objection to the Motion has been filed and the matter is now ripe for decision.

I.
BACKGROUND

Plaintiff alleges that on or about January 8, 2018, deputies with the Lafayette Parish Sheriff's Office were called to her place of residence regarding a domestic disturbance. Plaintiff claims that she was improperly arrested by the deputies and was assaulted during the arrest. On January 8, 2019, the plaintiff filed a Complaint alleging civil rights violations under 42 U.S.C. § 1983 and causes of action arising under Louisiana law.[1] The plaintiff filed suit against Sheriff Mark Garber in his official and individual capacities; Deputy Robert Shontz in his individual capacity; Deputy Charmickia Levine in her individual capacity; Deputy Austin Millette in his individual capacity; and Deputy Trung Tran in his individual capacity.[2] According to Defendants, on April 12, 2019, Sergeant Shelley Landry was temporarily working at the front desk of the main

---

[1] Doc. 1, ¶ Introduction.
[2] Doc. 1, ¶4.

1

lobby of the Lafayette Parish Sheriff's Office.[3] An unknown male approached and handed Sgt. Landry a stack of papers that was later was determined to contain several summons and complaints.[4] Specifically, the stack of papers included a complaint and summons addressed to Sheriff Garber and the other Defendants.[5] The unknown male (1) did not identify himself as a process server; (2) he did not affirmatively inquire if Sheriff Garber was present at the office; and (3) the unknown male asked only for Sgt. Landry's name before departing the premises.[6] According to Scott Frank, the private process server employed by Plaintiff to serve the Defendants, he served the summons and complaint upon Sergeant Landry, as it "appeared to him that the Sheriff was not present at the time of service."[7]

Defendants have filed the current motion asserting that Plaintiff did not properly or timely serve any of the Defendants.

## II.
## LAW AND ANALYSIS

A plaintiff is required to serve the summons and a copy of the complaint upon each defendant in a timely and proper manner.[8] Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may challenge the plaintiff's failure to serve the defendant or challenge the means by which the plaintiff delivered the summons and complaint to the defendant. A Rule 12(b)(5) motion turns on the legal sufficiency of the service of process.[9] Once the defendant contests the validity of service of process, the burden shifts to the plaintiff to establish its validity.[10]

---

[3] Affidavit of Sergeant Shelley Landry, Exhibit 1 to Doc. 11.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Affidavit of Scott Frank, Exhibit D to Doc. 15.
[8] *See* Fed. R. Civ. P. 4
[9] *Quinn v. Miller*, 470 Fed. App'x 321, 323 (5th Cir. 2012).
[10] *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

2

If there is no valid service of process, proceedings against a party are void[11] because a court cannot exercise personal jurisdiction over a defendant unless he or she was properly served.[12] For that reason, a district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process.[13]

**A. Service upon the Individual Deputies.**

Under Rule 4(e) of the Federal Rules of Civil Procedure, service on an individual may be accomplished either in accordance with the rules of the state where the court is located or by delivering the summons and complaint to the individual personally, leaving the papers at the individual's home with an appropriate person who also lives there, or by delivering the papers to the individual's agent for service of process. Under Louisiana law, an individual may similarly be served personally, by delivery to an appropriate person residing at his home, or by delivery to a duly appointed agent for service of process.[14] Neither federal law nor state law permits service on an individual by delivering the papers to the person's workplace. Plaintiff has submitted no evidence indicating that Sergeant Landry was designated as the agent for service of process for any of the individual deputies. Accordingly, service was not properly made upon the individual deputies and the claims against them must be dismissed for insufficient service of process.

**B. Service upon Sheriff Garber.**

Under Rule 4(j)(2) of the Federal Rules of Civil Procedure, a state or a state-created governmental organization that is subject to suit "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the

---

[11] *See Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Mooney Aircraft, Inc. v. Donnelly*, 402 F.2d 400, 406 (5th Cir. 1968).
[12] *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).
[13] *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).
[14] Articles 1231-1235 of the Louisiana Code of Civil Procedure.

3

manner prescribed by that state's law for serving a summons or like process on such a defendant." While Sheriff Garber is the chief executive officer of the Lafayette Parish Sheriff's Office, it is undisputed that he was not served personally. Therefore, to be effective, the delivery of the service documents to his employee would have to comply with Louisiana law.

A Louisiana sheriff is a political subdivision of the state,[15] and Article 1265 of the Louisiana Code of Civil Procedure specifies the method for effecting service on political subdivisions, reading as follows:

> Service of citation or other process on any political subdivision ... is made at its office by personal service upon the chief executive officer thereof, or in his absence upon any employee thereof of suitable age and discretion. A public officer, sued as such, may be served at his office either personally, or in his absence, by service upon any of his employees of suitable age and discretion.

Thus, effective service would require delivery of the papers to Sheriff Garber himself or, in the event that Sheriff Garber was not present when delivery of the papers was attempted, delivery of the papers to a suitable person at the sheriff's office.

The issue at dispute is whether Sheriff Garber was present when the process server attempted to make service on him. The only evidence submitted by the Plaintiff is the affidavit of the process server which includes the conclusory statement that it "appeared to him that the Sheriff was not present at the time of service."[16] There is no indication as to what lead him to reach that conclusion or what actions he took to verify Sheriff Garber's presence. On the contrary, the affidavit of Sergeant Landry specifies exactly what transpired when the process server arrived; the process server never identified himself or his purpose and did not affirmatively attempt to ascertain whether Sheriff Garber was present. Numerous courts have held that the person making service pursuant to Article 1265 *must* affirmatively establish the absence of a public officer before serving

---

[15] La. R.S. 13:5102(B)(1).
[16] Affidavit of Scott Frank, Exhibit D to Doc. 15.

another employee of that office in the alternative.[17] As one Court reasoned, to not require an affirmative duty to establish the absence of a public officer would render the words "in his absence" contained in Article 1265 "entirely superfluous."[18] The Court finds that service was not properly made upon Sheriff Garber and the claims against him should be dismissed.

As the Court has found that Plaintiff failed to properly serve each of the Defendants[19], the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) on Behalf of Sheriff Mark Garber, Deputy Robert Shontz, Deputy Charmickia Levine, Deputy Austin Millette, and Deputy Trung Tran [doc. 11] is GRANTED, and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

THUS DONE in Chambers on this 12th day of February, 2020.

Robert R. Summerhays
United States District Judge

---

[17] *See People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, 17-107, 2018 WL 1528191, at *7 (M.D. La. 3/28/18); *Doe v. St. James Parish School Board*, 15-5370, 2016 WL 1558794 (E.D. La. 4/18/16); *Gilmore v. Wolfe*, 15-00280, 2016 WL 438978 (M.D. La. 2/3/16)
[18] *People's Workshop, Inc*, 2018 WL 1528191, at *7.
[19] The Defendants also argued that service was untimely as it occurred 4 days later than required. As the Court has found that service was improper, it is unnecessary to address the fact that it was also untimely.